JESSIE WILSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed July 18, 1923.

A charge that "premeditation is defined as meaning intent before the act, but not necessarily an intent existing any extended time before the act. Premeditated design to kill means an intent to kill; design means intent, and both words imply premeditation," is error, and is ground for reversal of a judgment of conviction even though a correct definition of premeditated design be also given, where the Court charges the jury that it is their duty "to consider all of the charges given" including the erroneous, and the verdict is murder in the first degree with a recommendation to mercy.

A Writ of Error to the Circuit Court for Hernando County; W. S. Bullock, Judge.

Reversed.

*Martin & Martin*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *M. C. McIntosh*, Assistant, for the State.

WHITFIELD, J.—In a prosecution for murder alleged to have been committed from a premeditated design to effect the death of the person killed, the court gave the statutory definition of murder in the first degree "when perpetrated from a premeditated design to effect the death of the person killed," and charged the jury that "premeditation is defined as meaning intent before the act, but not necessarily an intent existing any extended time before the act. Premeditated design to kill means an intent to kill; design means intent, and both words imply premedi-

tation.'' This definition of premeditated design as used 'in the statute defining murder in the first degree is erroneous, and other charges given do not appear on the record in this case to have rendered the erroneous charge harmless, in view of the charge requiring the jury ''to consider all of the charges given,'' including the erroneous charge, and in view of the conviction of murder in the first degree with a recommendation to mercy. See Stokes v. State, 54 Fla. 109, 44 South. Rep. 759.

Reversed for a new trial.

TAYLOR, C. J., AND BROWNE, WEST AND TERRELL, J. J., concur.

ELLIS, J., dissents.

ELLIS, J., Dissenting.

The plaintiff in error was indicted for the murder of Leanna Washington and upon the trial of the case was found guilty of murder in the first degree and recommended to the mercy of the Court. The sentence imposed by the Court was life imprisonment. The plaintiff in error seeks to obtain a reversal of the judgment.

There is no bill of exceptions in the record and no assignment of errors. The record was made up in accordance with special rules one and two and the instructions to the clerk did not require him to include in the transcript a bill of exceptions.

A motion was filed in this court on April 30th, 1923, two months after the transcript of the record was filed to set aside the verdict of the jury and to grant a new trial upon the ground that the official court stenographer died

before he transcribed his notes of the testimony taken at the trial and the counsel for plaintiff in error were unable to prepare a bill of exceptions without the aid of the transcript of the stenographer's notes.

No such practice as that exists and the unfortunate circumstance of the court reporter's death is not ground for a reversal of the judgment.

I do not agree with the majority in a reversal of this case upon the ground that there was error in defining the word "premeditation" nor the statement in the opinion that "other charges given do not appear on the record in this case to have rendered the erroneous charge harmless."

The record discloses that in the second charge the Court instructed the jury as set forth in the majority opinion but the record also discloses that the Court instructed the jury in that connection as follows: "In order that the defendant be found guilty of murder in the first degree the evidence must show beyond a reasonable doubt that he unlawfully killed Leanna Washington as charged, from a premeditated design to effect Leanna Washington's death. There must not only be an intention to kill, but there must also be a premeditated intention or design to kill. Design means intent and premeditation means meditated or thought upon beforehand. Such design must precede the killing by some appreciable space of time, but the time need not be long. It must be sufficient to offer some reflection or consideration upon the matter, of the choice to kill or not to kill, and for the formation of a definite purpose to kill. The human mind acts with celerity, which it is sometimes impossible to measure, and whether a premeditated design to kill was formed must be determined by the jury from all the circumstances of the case."

The Court charged the jury fully upon the law of self defense and upon the presumption of innocence and

directed them to consider all of the charges given together, each one in connection with all of the other charges given.

The case of Stokes v. State, 54 Fla. 109, 44 South. Rep. 759, is not authority for the statement that the charge as quoted in the body of the majority opinion is erroneous because in the Stokes case the Court expressly stated that the question presented by that charge was not decided and certainly charge number six, above quoted, taken in connection with the language used in charge number two upon the subject of premeditation explains fully what is meant by the term premeditated design and the charge taken as a whole upon that subject could not have mislead the jury and resulted in no harmful error to the defendant.